ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. E. S. SIBLY.

Decided May 14, 1902.

**Charge—Assuming Position to Be Dangerous.**

Plaintiff, employe of a milling company, while engaged in sacking grain inside a car on the track, was injured by the falling of the inner door of the car, caused by the employes of defendant railway company switching another car against it.   Held, that an instruction which assumed that plaintiff's position was a perilous one, and bases the care required of defendant on that fact, if it was known, was upon the weight of evidence and erroneous.

Appeal from the County Court of Hunt.   Tried below before Hon. R. D. Thompson.

*E. B. Perkins* and *Perkins & Gilbert,* for appellant.

*J. G. Matthews,* for appellee.

KEY, ASSOCIATE JUSTICE.—Among other things, the trial court instructed the jury as follows: "If the jury believe from the evidence that defendant's servants in charge of its locomotive knew, or by the exercise of ordinary care could have known, that plaintiff was in the car to which coupling was made, and of his perilous condition and surroundings therein; and if you believe that said servants negligently propelled defendant's locomotive against said car in which plaintiff was at work with greater force than was necessary, thereby causing said car door to fall upon and injure plaintiff; and if you further believe that plaintiff, in taking the position and remaining therein in said car, exercised such care as a person of ordinary care would have exercised under the same or similar circumstances, then you will find for the plaintiff."

One objection made to this instruction is that in effect it assumed a controverted fact, and told the jury that under the conditions existing at the time the plaintiff was in a perilous position. This objection is well taken and requires a reversal of the judgment. To say the least the charge assumed that the plaintiff was in a perilous position at the time of the accident, and, as framed, it was equivalent to a comment upon the weight of testimony by the judge, which is prohibited by statute.

On the other points we rule against appellant.

*Reversed and remanded.*