HOUSTON & T. C. R. CO. v. COLEMAN.
(No. 7103.)

(Court of Civil Appeals of Texas. Dallas. April 18, 1914. Rehearing Denied May 9, 1914.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT — NEGLIGENCE — EVIDENCE— QUESTION FOR JURY.

In an action for injuries to an employé while assisting coemployés in carrying a cross-tie, caused by the coemployés dropping the tie pursuant to orders of the foreman, evidence *held* that the question of the negligence of the foreman was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 125*)—INJURY TO SERVANT—NEGLIGENCE OF VICE PRINCIPAL.

A foreman who acts for his employer is charged with constructive notice of what will probably and naturally happen as the result of an order given by him and, where he saw an employé's position, or, by the exercise of ordinary care, could have seen it, the employer was liable for a negligent order causing injury to the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—BURDEN OF PROOF.

Where, in an action for injuries to an employé, the court charged that the burden was on plaintiff to show by a preponderance of the evidence of the facts entitling him to recover, a charge in presenting the defense that, if an ordinarily prudent person would have done the act complained of, the verdict must be for the employer was not objectionable, as placing on the employer the burden of proving freedom from negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. MASTER AND SERVANT (§ 291*)—INJURY TO SERVANT — ACTIONS — INSTRUCTIONS — NEGLIGENCE.

In an action for injuries to an employé, based on the negligence of the foreman giving an improper order to the employé and coemployés, a charge directing a verdict for the employer if an ordinarily prudent person, under the same circumstances, would have given the order, and that, though the foreman gave the order, that fact alone was not negligence, if an ordinarily prudent person would have given it under similar circumstances, did not shift to the employer the burden of proving freedom from negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

5. MASTER AND SERVANT (§ 203*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

An employé assumes the risks ordinarily incident to his employment, and, where he is injured as the result of an assumed risk, it is immaterial what care he exercised in the performance of his duties to avoid the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*]

6. TRIAL (§ 253*)—ISSUES—INSTRUCTIONS.

Where, in an action for injuries to an employé, based on the negligence of the foreman in giving an order to the employé and coemployés, the single act of the foreman in giving the order was submitted to the jury, so that they might determine whether the giving of the order was negligence, the refusal to submit the issue whether the injuries were due to accident as pleaded was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

7. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Where the court fails to submit a defensive matter to the jury, defendant must request a charge thereon, or he cannot complain on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 627–641, 660, 662–676; Dec. Dig. § 216.*]

8. MASTER AND SERVANT (§ 139*)—INJURY TO SERVANT—PROXIMATE CAUSE.

Where an employé engaged with coemployés in carrying a cross-tie was injured by the coemployés dropping the tie pursuant to an order of the foreman directing the employé and coemployés, the giving of the order was the

proximate cause of the injury, authorizing a recovery if the foreman negligently gave it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 275, 282, 289, 296; Dec. Dig. § 139.*]

9. APPEAL AND ERROR (§ 1004*)—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE.

The right of the court on appeal to interfere with a verdict in a personal injury action on the ground that excessive damages are awarded is controlled by the rules governing its right to disturb any other issue of fact found by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

10. MASTER AND SERVANT (§ 179*)—INJURY · TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—INSTRUCTIONS.

The refusal to charge on the issue of the negligence of a fellow servant is not erroneous because of the abrogation of the common-law rule exempting the master from liability for the negligence of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 354–358; Dec. Dig. § 179.*]

Appeal from District Court, Collin County; F. E. Wilcox, Special Judge.

Action by J. F. Coleman against the Houston & Texas Central Railroad Company. From a ·judgment for plaintiff, defendant appeals. Affirmed.

G. R. Smith, of McKinney, for appellant. R. C. Merritt, of McKinney, for appellee.

RASBURY, J. Appellee sued appellant for damages for personal .injuries, and, upon trial by jury, was awarded verdict, followed by judgment for $5,000, from which this appeal is taken.

Appellee alleged in his petition that he was in the employ of appellant as a section hand, and was engaged in the performance of his duties as such at the time he was injured; the precise ground of negligence urged being that, while appellee and two other section "hands" were engaged in carrying a cross-tie of great weight from where it lay upon the right of way to a push car upon which it was to be placed, appellee carrying one end of the tie resting against his stomach, the other two employés having joint care of the other end, appellant's foreman, knowing that appellee was situated so that he could not drop the tie without preparation for his personal safety, or, if not aware of appellee's dangerous situation, could have known it by the exercise of ordinary care, directed appellee and his fellow servants to drop the tie, whereupon appellee's fellow servants, in response to the order, dropped their end of the tie to the ground, precipitating the other end against appellee, seriously and permanently injuring him.

Appellant pleaded appellee's negligence and assumed risk. Other grounds of · negligence and other defenses than those stated were urged respectively by appellee and appellant, but none of them were submitted by the trial judge.

The evidence offered by appellee sustaining his theory of the occurrence and which was adopted by the jury shows, in substance, that appellee was employed by apellant as a section hand, and at the time he received his injuries he and two fellow servants were engaged in removing cross-ties from appellant's right of way onto a push car, which, in turn, would be pushed over the track to a point where the ties were to be used in constructing a switch. Appellee and his fellow servants, by direction of appellant's foreman, had lifted a tie preparatory to placing same upon the push car; appellee's fellow servants carrying the forward end of the tie by placing thereunder a track wrench as a support, each lifting by the protruding end of same, while appellee carried the rear end of the tie by placing his hands under the same and bracing the end of the tie against his stomach. The tie was a large one, weighing 300 or 400 pounds. After appellee and his coemployés had lifted the tie and were about ready to place the same upon the push car, a brother of appellant's foreman called the foreman's attention to the fact that the tie about to be loaded on the car was not suited for the purpose contemplated, whereupon the foreman stepped in front of the men, looked at the tie, and said: "I want that 'thirteen' on the car next; drop that tie." Whereupon appellee's fellow servants, or at least one of them, dropped his side of the tie, causing the other to do so involuntarily, and causing their end of the tie to fall. When the order was given to drop the tie, appellee did not drop it, because to have done so would have been to take the chance of crippling himself and his fellow employés. The manner of placing the tie after raising it was for appellee's fellow servants to lay or place their end of the tie on the push car and follow with the part supported by appellee; it was dangerous to drop the tie as did appellee's fellow servants, nor was it customary to drop them in such manner. As a result of the dropping of the tie, appellee was seriously and permanently injured.

[1] The first assignment complains of that portion of the court's charge which, in effect, instructed the jury it could find for appellee if appellee could not, with safety, release the tie when the order was given, and the foreman saw and knew appellee's position, or could have seen and known same by the exercise of ordinary care. It is contended that such charge was erroneous, because it was not the duty of the foreman to see and know that each employé was in a position of safety before giving an order for prosecuting the work, and because said order was a necessary one. We cannot agree with the contention. Whether the order to drop the tie, under the surrounding circumstances, was neg-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ligence was for the jury to determine. It may have been necessary, as urged by appellant, to halt the employés and have them release the tie, but whether, in pursuance of that necessity, an order to drop the tie, in view of the situation of appellee, was negligence or not was, as we have said, a question of fact, and the necessity for dropping it was immaterial if the manner was negligent.

[2] The foreman, in acting for his principal, was charged with constructive notice of what would naturally and probably happen as the result of the order to drop the tie. Hence, if the jury believed that the order he gave to drop the tie was, at the time and in view of the situation of the parties and the work in which they were engaged, an act of negligence, appellant would be liable without reference to the necessity of the order. The rule applied to somewhat similar facts is illustrated in Hugo, Schmeltzer & Co. v. Paiz, 128 S. W. 912. Under the rule of constructive notice, it was also correct for the court to charge the jury that, if the foreman saw and knew appellee's position, or, by the exercise of ordinary care, could have seen and known the same, appellant was liable, since he was so charged by the pleading and the evidence raised the issue. Pledger v. Texas Central Ry. Co., 68 S. W. 516.

[3] It is next urged that in presenting appellant's defenses affirmatively the court erred in instructing the jury to find for appellant if "an ordinarily prudent person, under the same or similar circumstances," would have given the order to drop the tie. The error asserted is that it places the burden upon appellant of proving that it was not negligent in giving the order to drop the tie. After presenting appellee's theory of the case and appellant's defenses, the court instructed the jury that the burden was upon appellee "to show by a preponderance of the evidence the facts which entitle him to recover." This we think alone sufficient to have advised the jury of appellee's burden in respect to the preponderance of the evidence.

[4] Aside from what we have said, however, we think counsel misconstrues the charge. The paragraph complained of was one of several read to the jury for the protection of appellant, and told the jury that, even though they found the foreman did give the order to drop the tie, that fact alone would not constitute negligence if, in their opinion, an ordinarily prudent person would have given the order to do so under the same or similar circumstances. Thus it occurs to us that, instead of tending to shift the burden of proof, the portion of the charge complained of emphasizes appellee's duty in that respect, since its clear meaning is that the giving of the order may not have been negligence, and that whether it was or not depends upon whether appellee, under the rule given, has shown it to be.

[5] By the third assignment it is urged that the court incorrectly charged upon the issue of assumed risk and in refusing appellant's special charge on that issue. The fault found with the charge of the court is that, in addition to instructing the jury that appellee assumed the risks ordinarily incident to his employment, etc., there should have been added to the charge the instruction that appellee was also bound to use reasonable care in the performance of his duties for his own safety. We believe the contention to be unsound. A servant assumes the risks ordinarily incident to his employment without limitation, and, if he is injured as the result of such assumed risk, it is immaterial how much care he exercised in the performance of his duties to avoid the injury, since that fact could in no respect make the master liable therefor. The effect of such a limitation upon the charge would have been to tell the jury that appellee assumed the risks ordinarily incident to his employment, provided he exercised ordinary care to avoid them. Such a charge would be applicable upon an issue of contributory negligence, but that issue not being in the case, and the only question submitted being whether the order to drop the tie was negligence, the matter contended for by appellant had no place in the charge.

[6] It is next urged that the court erred in not submitting to the jury whether appellee's injuries were due to an accident. Accident was pleaded, but, in our opinion, the evidence wholly failed to raise the issue. The single act of the foreman in ordering appellee and his fellow servants to drop the tie was submitted to the jury, that they might determine whether same was negligence or not. Obviously, if the injuries resulted from giving that order, as found by the jury, it was not the result of an accident.

[7] Further, conceding for the purpose of the discussion only that the evidence raised the issue, and that the court failed to instruct thereon, it is nevertheless not reversible error, since appellant failed to request submission of that defense. It is a well-settled rule that, if the court fails to submit such defensive matter to the jury, it is the duty of the defense to request same, and, failing to do so, the case will not, on that account, be reversed.

[8] It is next urged under several assignments that the giving of the order to drop the tie was not the proximate cause of the injury; but that, as matter of fact, the proximate cause of the injury was the intervening act of appellee's fellow servants in dropping the tie. We have stated the facts which transpired after the order to drop the tie was given, which was, in effect, a literal compliance by appellee's fellow servants therewith. As we have said, it was a question of fact whether, in the light of the situation of the parties and the attending circumstances,

appellant's foreman ought to have foreseen, as a natural and probable result of his order, the consequences that ensued, and on that issue the jury found he should have so foreseen, and included in that finding under the rule is the further one that the foreman should in like manner have anticipated the identical intervening agencies that contributed to appellee's injuries. For, as said, in effect, by our Supreme Court: "The intervention of an independent agency bringing about the result does not necessarily render the original cause remote, but bears more directly on the question whether the injury ought, under all the circumstances, to have been foreseen, and, where the latter fact appears, the original negligent act ought to have been deemed actionable." T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162. Thus, under the rule stated and the finding of the jury, there was no error in submitting as an act of negligence appellant's order in reference to the cross-tie.

[9] It is next urged that the verdict of the jury is excessive. This assignment, of course, attacks the sufficiency of the evidence to sustain the verdict of the jury, and our interference with the verdict is controlled by the same rules that apply to our right to disturb any other issue of fact. We have carefully examined the testimony in reference to appellee's injuries, and, without attempting to set out the same and apply it to the verdict, we have concluded, upon such examination, that the testimony is sufficient to support the verdict, and is not of such character as to justify us, in the exercise of the narrow discretion we possess in such matters, to set the verdict aside.

[10] It is next urged through the medium of attack upon the court's main charge, as well as the court's refusal of certain special charges, that the court erred in refusing to submit to the jury whether or not the tie fell as the result of the negligence of appellee's fellow servants, although no proposition to that effect is contained in appellant's brief. Since the common-law rule that the master is not liable for the negligence of a fellow servant while engaged in the service shown by the evidence in this case no longer prevails in this jurisdiction, the refusal to instruct the jury on that issue presents no error.

All other assignments but present in different form the issues already discussed, and for that reason same will be overruled.

The judgment is affirmed.