COMMERCIAL UNION ASSUR. CO., Limited, v. GULF REFINING CO. (No. 6753.)†

(Court of Civil Appeals of Texas. Galveston. Feb. 16, 1915. Rehearing Denied March 11, 1915.)

1. NEGLIGENCE ☞62 — USE OF DANGEROUS ARTICLES—PROXIMATE CAUSE.

One supplying gasoline to a boat carried the same in open buckets, some of which were left on the wharf, while others were taken on the boat to be poured into a tank. While pouring gasoline into the tank, a match on the boat was ignited, which set fire to the gasoline, and the fire was communicated to another boat. *Held,* that the negligence of placing open buckets of gasoline on the wharf was not the proximate

cause of the injury by fire to the other boat, but the proximate cause was the ignition of the gasoline by the match.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76–79; Dec. Dig. ⊂⊃62.]

2. NEGLIGENCE ⊂⊃136—PROXIMATE CAUSE—QUESTION OF FACT.

Whether an act is the proximate cause of an injury complained of is a question of fact, unless the evidence leaves no room for ordinary minds to differ.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ⊂⊃136.]

3. APPEAL AND ERROR ⊂⊃1071 — HARMLESS ERROR—STATEMENT OF FACTS IN CONCLUSION OF LAW.

It is not reversible error for the court, stating conclusions of fact and law, to state in the conclusion of law a conclusion of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. ⊂⊃ 1071.]

4. PLEADING ⊂⊃36 — ADMISSIONS — CONCLUSIVENESS.

A plaintiff, who did not avail himself of an admission in the answer, but resorted to proof of facts at variance with the facts stated in the answer, could not complain of findings contrary to the admissions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. ⊂⊃36.]

Appeal from District Court, Harris County; William Masterson, Judge.

Action by the Commercial Union Assurance Company, Limited, against the Gulf Refining Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for appellant. F. C. Proctor and D. Edward Greer, both of Beaumont, for appellee.

McMEANS, J. The Commercial Union Assurance Company, Limited, brought this suit against the Gulf Refining Company for the recovery of damages in the sum of $2,500, sustained by a boat named Lynn II, owned by F. F. Arnim, alleging that it had issued a policy of insurance covering said boat, that the same had been damaged by reason of a fire communicated to it from gasoline resulting from the negligence of the defendant, and that the claim of the said Arnim for damages on account of said negligence had been assigned to plaintiff. The case was tried before the court without a jury, and resulted in a judgment for defendant, and plaintiff has appealed.

The court, upon proper request, filed its findings of fact, which are as follows:

(1) On and prior to June 28, 1912, F. F. Arnim was the owner of a certain boat named Lynn II.

(2) Plaintiff, prior to that time, had issued a policy of insurance upon said boat in the sum of $10,000, which was then in force.

(3) On said 28th day of June, 1912, said boat was damaged by fire, which occurred under the circumstances hereinafter stated, to the extent of $2,500, which amount the plaintiff paid to said F. F. Arnim, and took an assignment of any cause of action which the said F. F. Arnim may have had against the defendant in this case,

and the plaintiff thereby became the owner of any cause of action which said F. F. Arnim may have had against the defendant on account of the damage to said boat.

(4) On the 28th day of June, 1912, said F. F. Arnim, as he had a lawful right to do, had placed his boat, Lynn II, covered by said policy as aforesaid, alongside a wharf, said wharf being constructed in the edge of Buffalo Bayou, at Harrisburg, in Harris county, Tex., which said wharf said Arnim then and there had the right to use, and which said wharf was directly across the street in said town of Harrisburg from the place so maintained by the defendant, as hereafter stated, for the storage and sale of oil.

(5) On the said 28th day of June, 1912, the defendant had and maintained at Harrisburg, in Harris county, Tex., a place where it stored certain oils, among which was gasoline, and the defendant was then and there, and had for some time prior thereto, been engaged in the business of selling oils, including gasoline, to boats on Buffalo Bayou.

(6) On said 28th day of June, 1912, the defendant sold to the owner of another boat, named The Mary Ida, 20 gallons of gasoline, and first undertook to deliver said gasoline to said boat, The Mary Ida, at a point in the bayou a short distance above the place where said Lynn II was lying at said wharf. This being found inconvenient, the Mary Ida was then moved down the bayou to the wharf where said Lynn II was lying, the stern lines on said Lynn II were loosened and the stern of said boat pushed out above 8 or 10 feet from the edge of said wharf, and the bow of the boat Mary Ida brought up into this space and adjacent to said wharf. The agent of the defendant and an employé on said boat Mary Ida then took from the oil station of the defendant two buckets each of gasoline, each of said buckets containing about 5 gallons of gasoline, and took the same to and upon said wharf. The agent of the defendant set down upon the wharf the two buckets which he had carried, right in the end of the wharf, about 10 or 12 feet from the Lynn II, and about 2 or 3 feet from the bow of the Mary Ida, and the employé on the boat Mary Ida set down upon said wharf one of the buckets which he had carried, and took the other bucket which he had carried upon the deck of the boat Mary Ida and began to pour the gasoline from said last-mentioned bucket into the gasoline tank near the front of said boat Mary Ida. The buckets in which said gasoline was handled were open buckets. The usual and ordinarily careful method of handling gasoline under such circumstances was not in open buckets, but in closed buckets; and I find that it was a lack of ordinary care upon the part of the defendant to handle said gasoline in said open buckets. The said employé on said boat Mary Ida, having gone on said boat as aforesaid with said bucket of gasoline; and while pouring the gasoline from said bucket into the tank on said boat, stepped upon a match which had been left upon the deck of said boat, and thereby ignited the gasoline which was being poured from said bucket into said tank. Said employé then undertook to escape from said boat with said burning can of gasoline in his hand, and attempted to run back onto the wharf, and as he did so he approached near the place where the three buckets of gasoline had been left upon said wharf. When he got near said three cans of gasoline which had been set upon said wharf, as above stated, one of said cans on said wharf was ignited on account of the gasoline which had evaporated from said open buckets into the atmosphere at and near said three buckets; but the fire thereof did not communicate to the Lynn II, same being confined to the wharf, and thereupon said employé of said boat Mary Ida threw over into

the bayou between the wharf and the Lynn II the burning can of gasoline which he was carrying in his hand. This burning gasoline, floating upon the water, communicated the fire to the Lynn II and caused the damage which is complained of."

Upon the foregoing fact findings the court found that it was negligence on the part of the defendant to have set the three cans of gasoline upon the wharf in open instead of closed buckets, and that if it had been shown that the fire which was communicated to and caused the damage to the boat Lynn II was communicated from the gasoline in said three buckets so set upon the wharf, that such damage was the proximate result of said negligence, but that, it not having been proved that the fire which damaged said boat was communicated from the three cans of burning gasoline which were set upon the wharf, nor that it had any connection therewith, but was communicated from the gasoline contained in the can which was thrown over by the said employé of the boat Mary Ida, the damage was not the proximate result of said negligence.

[1] Appellant's first assignment of error, which is submitted as a proposition, is as follows:

"The court erred in its conclusions of law in that portion thereof which is as follows: 'It not being proved, however, that the fire which damaged said boat, Lynn II, was communicated from the burning of said three cans of gasoline setting upon said wharf, nor that it had any connection therewith, but was from the gasoline contained in the can which was thrown overboard by said employé of the boat Mary Ida into the water, and thence communicated to the Lynn II, I conclude that said damage was not the proximate result of said negligence.' Because, the evidence having shown and the court having in effect found that the fire from the gasoline upon the wharf was the result of defendant's negligence, and the evidence having shown and the court having in effect found that the throwing into the water of the burning gasoline which set fire to the boat was an act caused directly by and arising out of the emergency created by defendant's negligence, it was error to find as matter of law that said act and the damage resulting therefrom was not the proximate result of defendant's negligence, and to fail to find that the damage was the proximate result of said negligence."

Appellant also submits an additional proposition under this assignment, viz.:

"The court having found that the fire on the wharf was caused by the negligence of the defendant, and the undisputed evidence as well as the court's findings of fact showing that the throwing of the gasoline into the water was an act done in the emergency and danger arising from the situation created by said negligence, the act of throwing said gasoline into the water is not to be deemed an independent or intervening cause, but will be regarded as the proximate result of the original negligence which caused the fire and the emergency and danger resulting therefrom."

We cannot agree to appellant's contention that the court found in effect that the throwing into the water of the burning gasoline, which ignited while being poured into the tank of the Mary Ida, and which set fire to the Lynn II, was an act caused directly by and arising out of the emergency created by defendant's negligence in setting the three open buckets of gasoline on the wharf, nor that the undisputed evidence as well as the court's findings show that the throwing of the burning gasoline into the water was an act done in the emergency and danger arising from a situation created by said negligence. On the contrary, the evidence justifies the finding, and we think a reasonable construction of the court's findings warrants the conclusion, that the emergency which caused the employé of the Mary Ida to throw the gasoline in the water arose, not because of the spread of the fire to the buckets left on the wharf, but by the ignition of the oil which he was pouring into the Mary Ida's tank. The testimony on this point, from which the court must necessarily have found the facts, was given by the employé of the Mary Ida. He testified in part:

"I stepped on a match on the bow of the Mary Ida, and set the can of gasoline that I was pouring into the Mary Ida afire. It broke out right under my feet. I tried to get back to the wharf with the can that I had in my hand, and set another can on the wharf afire, and I threw the can I had in my hand overboard."

Again he says:

"I took five gallons on the boat. I poured part of it into the tank of the Mary Ida, and the balance, after it got afire, I threw overboard."

And again:

"It is a fact that one or more of the buckets which were thus set down on the wharf by the side of the Lynn II caught fire when I ran from the boat, Ida, with the bucket in my hand. They did not all catch fire at that time, but all caught fire later."

It was further shown by the testimony of this witness that the fire that was communicated to the Lynn II was not from any of the three buckets of gasoline left on the wharf, but from the gasoline which was ignited while being poured into the tank of the Mary Ida, and which was thrown into the water.

Treating the conclusion of the trial court to the effect that the setting of the three buckets of gasoline on the wharf in open instead of closed buckets was negligence on the part of the defendant, the question arises: Was such negligence the proximate cause of the damage to the Lynn II? We think not. As argued by appellee, it is apparent that the real cause of the damage was the negligent leaving of a match on the deck of the Mary Ida, for the ignition of the gasoline that was being poured into the tank of this boat was caused by stepping on the match. The absence of a top on the can was not in itself the cause of the gasoline catching fire, because it is the undisputed evidence that, had there been a top or cover on the can, it would have been necessary to remove it, or open the can, in order to pour out the gasoline. If the owner of the Mary Ida had been sued, could he have defended on

the ground that appellee was negligent in using open buckets? The answer would be, it seems to us, that the using of the open bucket did not cause the fire, but the leaving of the match on the deck in close proximity to where the gasoline had to be poured into the tank was the cause. If this is true, it necessarily follows that the negligence of appellee in leaving the gasoline on the wharf in open buckets was not the proximate cause of the damage.

Appellant seeks to bring this case within the rule announced in Railway v. Neff, 87 Tex. 303, 28 S. W. 283, wherein our Supreme Court, quoting from Beach on Negligence, says:

"When a plaintiff, through the negligence of the defendant, is placed in a situation where he must adopt a perilous alternative, or where, in the terror of an emergency for which he is not responsible and for which the defendant is responsible, he acts wildly or negligently, and suffers in consequence, such negligent conduct under these circumstances is not contributory negligence, for the reason that persons in great peril are not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances. In such a case the negligent act of the defendant is the proximate cause of the injury, and the plaintiff may have his action, * * * even though the injury would not have happened if the acts had not been done."

The rule is stated more tersely and clearly by Judge Brown in the opinion as follows:

"The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether."

The testimony does not show that the negligence of appellee in leaving the open buckets of gasoline on the wharf placed the employé of the boat Mary Idà in a situation where he had to adopt a perilous alternative, or that it caused him to be surrounded by such circumstances as to appear to him to threaten the destruction of his life or serious injury to his person. That he was so placed in a perilous and threatening situation by burning gasoline, or that it so appeared to him, the evidence, we think, shows. That the throwing of the bucket of burning gasoline which he carried in his hand from the boat to the wharf was the result of a fear for his own safety is a conclusion which the evidence, we think, justifies. But this fear was caused, we think (or at least the evidence justifies the conclusion), by the ignition of the oil which he was pouring into the tank of the boat, and not from the catching on fire of the buckets of gasoline left on the wharf. If he acted in the terror of an emergency, there is nothing in his testimony on which to base a finding that his terror, or

his act in throwing the gasoline into the water, was caused by the gasoline on the wharf catching fire. If this is true, then the negligence of the appellee in leaving the gasoline on the wharf in open buckets could not have been the proximate cause of the damage sustained by the Lynn II; the evidence clearly showing that the burning gasoline on the wharf did not reach or communicate the fire to that boat.

[2, 3] By a second proposition appellant contends that, if it is incorrect in its contention that under the facts found by the court the damage complained of was the proximate result of the defendant's negligence, nevertheless the court erred in finding as a matter of law from the admitted facts that such damage was not the proximate result of said negligence; the question of proximate cause being at best a question of fact, which should have been passed upon as such by the court, and not as a question of law resulting from the admitted facts. Whether an act of a defendant is the proximate cause of an injury sustained by a plaintiff is a question of fact, to be found from the evidence as any other fact, unless the evidence on that issue leaves no room for ordinary minds to differ as to the conclusions to be drawn from it, in which case it becomes a question of law. But we do not think it reversible error for the court, after it has stated the facts upon which its conclusions of law are based, to state in such conclusions a finding which should have been embraced in the findings of fact. In all cases where the facts are in dispute, it is the proper practice for the court to settle such disputed issues in its findings of fact; but because some of such issues may be settled in stating the legal conclusions drawn from the facts so found, a reversal will not be granted unless it be shown that the rights of the complaining party have been prejudiced thereby. No such prejudice has been shown by the deviation from the general rule here complained of.

[4] By a third proposition, which is also submitted as a fundamental error apparent upon the face of the record, appellant complains that it was error for the court to find that it was not proved that the fire which damaged the Lynn II was communicated from the burning of the cans of gasoline setting on the wharf, nor that it had any connection therewith, but was from the gasoline in the can which was thrown over by the employé of the Mary Ida, for the reason that the defendant in its answer admitted that one of said cans setting on the wharf was thrown by the employé into the water after it had been set afire, and that the burning gasoline therefrom did communicate itself to the Lynn II and damage the boat, and that, this unqualified admission being contained in defendant's answer, the admitted fact was conclusively presumed to be true, and required no further proof for its estab-

lishment. The answer of the defendant contained the following:

"The cans of gasoline which had been put there (on the wharf) were thereby ignited. * * * That after he got upon the wharf, and in order to prevent the wharf from burning, he seized one of the burning cans and threw it out into the bayou and in the direction of the boat Lynn II. That the gasoline thus thrown on the water continued to burn, and the flames were communicated to the sides and superstructure of the boat Lynn II."

It is true that a fact against interest, admitted in a pleading, may be conclusively presumed, and requires no further proof for its establishment; and if plaintiff in this case desired to avail itself of the admission, if, indeed, it is an admission, it rested under no duty of resorting to proof. But it did resort to proof, and proved a state of facts utterly at variance with the facts stated in the answer. Having introduced the proof, it was for the court to say whether the statement in defendant's answer was true, or whether the testimony of plaintiff's witness was true; and, having reached the conclusion that the true facts were as shown by the testimony of plaintiff's witness, and not by the statements in the answer, and having so found, the appellant has no right to complain.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes