## SARTAIN et al. v. BASINGER.
### No. 5805.

Court of Civil Appeals of Texas. Amarillo. Sept. 15, 1947.

Rehearing Denied Oct. 6, 1947.

Joe S. Moss, of Post, for appellants.

Klett, Bean, Evans & Justice, of Lubbock, for appellee.

STOKES, Justice.

This action was instituted by the appellant, Robert Sartain, against the appellee, G. W. Basinger, to recover damages for personal injuries sustained by appellant on the 18th of September, 1944. Appellant alleged that he was a minor of the age of 17 years and was employed by the appellee as an attendant at a gasoline filling station and garage owned and operated by appellee in the town of Southland in Garza County. That on the date mentioned, one Lewis Donahoe drove his automobile into the station and requested appellant to change the spark plugs. Appellant performed the service requested, and Donahoe then informed appellant that he also wanted the electric generator in his automobile washed and cleaned. He requested appellant to give him some gasoline with which to cleanse the generator and appellant thereupon drew from one of the pumps some ethyl gasoline and handed to Donahoe the vessel containing the same. Appellant remained in close proximity to the automobile in order to assist Donahoe in cleaning the generator, and Donahoe took the vessel containing the gasoline from appellant and immediately dashed a quantity of the gasoline upon the electric generator. The motor had not been switched off, but was still in operation and the generator likewise was

performing its functions. When the gasoline reached the generator, it immediately burst into a flame, the vessel containing the residue exploded, and the gasoline remaining in the vessel was thrown and spread over appellant's clothing and body; that the gasoline and its vapors instantly became ignited, set fire to his clothing and severely burned, injured and disfigured him.

Appellant further alleged that his injuries were the direct and proximate result of the negligence of appellee in that appellant was a minor, employed by the appellee to assist in and perform the services ordinarily required of a filling station employee, consisting of rendering assistance to customers, drawing gasoline, making minor adjustments of motors, automobiles and their accessories, and any other duties pertaining to the business that became necessary for its operation or to relieve the wants and necessities of its customers; that he had never before worked around a garage or filling station nor handled gasoline and did not have sufficient experience and intelligence concerning such matters to realize, appreciate, and understand the highly combustible, volatile, explosive and dangerous nature of gasoline nor the great care and caution that should be observed in handling the same in order to guard against explosions and injuries therefrom. He alleged that his youth, inexperience, and all of the facts pertaining thereto were known to the appellee at and during the time he was employed; that appellee was a mature man who had had many years of experience in handling and using gasoline and knew of its combustible, volatile, explosive and dangerous nature. That, notwithstanding the youth, inexperience and ignorance of appellant in regard to such matters, and the knowledge of appellee thereof, and of the dangerous nature of gasoline, appellee negligently failed to warn appellant thereof or to inform him of the dangers and disastrous consequences that might result from the use of gasoline under the circumstances which accompanied its use upon the occasion when he received his injuries. He alleged that his injury and damage were the direct and proximate result of the negligence of appellee in failing to warn him of the dangerous nature of gasoline and the manner in which he should conduct himself in handling the same in order to avoid its dangers and being injured from explosions, fires and the like and that gasoline should not be used as a cleansing agent of motors and electric generators. He charged negligence of appellee in not warning him that gasoline should not be poured or dashed upon a running electric generator and that he should not remain in close proximity to an electric generator or automobile motor when gasoline was about to be dashed or poured thereon and that he should not permit gasoline to be used or handled in an open container near a running electric generator or automobile motor or to permit a customer to dash or pour the same upon an electric generator or motor while either of them was in operation.

Appellee presented and urged a number of special exceptions to the various allegations of appellant's petition, among them being that, according to the allegations, the act of Donahoe, the customer, in dashing and throwing the gasoline upon the electric generator, and not the alleged negligence of appellee, was the direct and proximate cause of appellant's injuries; that the act of Donahoe constituted a new and independent cause which could not have been anticipated or foreseen by appellee and that, even though appellee had failed to warn appellant in the particulars complained of by him, and that such failure was negligence, such negligence was not the proximate cause of appellant's injuries. The court sustained appellee's exceptions and, appellant declining to amend his petition, the case was dismissed. Appellant duly excepted, gave notice of appeal, and presents the case in this court upon assignments of error in which he assails the action of the court below in sustaining appellee's special exceptions.

■ It has many times been held by our courts that, in order for an act of negligence to be the proximate cause of an injury, it must be shown that the injury resulted as a natural and probable consequence of such act of negligence and that the party charged with the commission of

the negligent act ought reasonably to have foreseen the consequences in the light of the surrounding circumstances. Phoenix Refining Company v. Tips, 125 Tex. 69, 81 S.W.2d 60; Panhandle & S. F. R. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146; Franklin v. Houston Electric Co., Tex.Civ. App., 286 S.W. 578; Great Atlantic and Pacific Tea Co. v. Najera, Tex.Civ.App., 203 S.W.2d 577; Houston Lighting & Power Co. v. Walsh, Tex.Civ.App., 177 S.W. 1055; and the many authorities cited therein.

■ The allegations of appellants' petition do not show that any injury resulted from the manner in which appellant handled the gasoline on the occasion of his injuries, but that his injuries resulted from the act of the customer, Donahoe, in dashing or throwing the gasoline upon the generator and motor of his automobile. It is not alleged that appellant knew Donahoe intended to dash the gasoline upon the generator and that, notwithstanding his knowledge of Donahoe's intention, he remained in close proximity to the automobile through ignorance and a lack of understanding as to the volatile and explosive nature of gasoline. It is not alleged that appellee, was present at the time nor that he knew anything about the intentions of Donahoe. There is no allegation that it was customary or usual for customers or any others to apply gasoline to running motors or generators in order to cleanse them. As we interpret the petition, there is nothing charged therein as a moving cause of the catastrophe which could be traceable to appellee or his failure to warn appellant in the manner he claims he should have been warned. There could be no person of common and ordinary judgment who does not know that gasoline, when dashed upon a running motor, will explode and create a condition dangerous to those in proximity to it, and it would stretch beyond the breaking point the rule of foreseeableness to hold that, at the time he employed appellant or at any time while appellant was working for him, appellee should have anticipated and foreseen that a customer or anyone else might throw gasoline upon a running motor and have warned appellant

not to do such a thing nor to permit anyone else to do so. The pleading disclosed no causal connection between the alleged negligence of appellee in failing to warn appellant and the act of Donahoe in throwing gasoline upon the generator. It was the act of a third person and constituted a new and independent cause. A wrongdoer is liable only for such damages as proximately result from his wrongful act. He is not liable for damages resulting from remote acts and acts of others that have no connection with those of his own. Texas & Pacific R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Paris & G. N. R. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019.

The case presented here is quite similar in principal to that revealed by the opinion in the case of Franklin v. Houston Electric Company, supra, 286 S.W. 578, 579. The negligence charged against the appellee in that case was that the plaintiff was waiting at a certain street corner where appellee's street cars were required by city ordinance to stop and take on passengers; that he signalled the motorman to stop and indicated his desire to board the car, but that the operator of the car failed to respond and ran the car on by the place where he was standing. He alleged that there was an automobile following the street car and the movement of the street car raised a large cloud of dust so that the driver of the automobile was unable to see or discover the plaintiff and the automobile struck and ran over him. A general demurrer to the petition was urged by the electric company and sustained by the trial court. In affirming the judgment, the court said:

"While it is true that, had the operative of appellee's street car stopped his car and had permitted appellant to enter, he would not have suffered the injury complained of, it is made to appear on the face of plaintiff's petition that the failure of the street car operative to take him on as a passenger was not the proximate cause of his injury, but that such injury resulted from a cause intervening between the alleged negligence of the defendant and damage sustained, to wit, the act of a third person in driving his automobile against plaintiff. The petition does not allege actionable negligence,

nor does it allege any proximate causal relation between the negligence alleged and the injury."

We recognize the rule contended for by the appellant that the question of whether or not a certain result could and should have been anticipated from a given act or omission is usually one of fact to be decided by the jury; but, when the evidence or the allegations of the petition present a state of facts from which only one conclusion can reasonably be drawn, it then becomes a question of law for the court to decide. Jones v. Gibson, Tex.Civ. App., 18 S.W.2d 744; Commercial Union Assur. Co. v. Gulf Refining Co., Tex.Civ. App., 174 S.W. 874.

We conclude that the allegations of the petition were subject to the special exceptions urged by the appellee and that the trial court did not err in sustaining them. Appellant having declined to amend, his cause of action was properly dismissed. The judgment of the court below will, therefore, be affirmed.