Texas Central Railroad Company et al. v. Shropshire & Shepperd.

Decided January 22, 1910.

**Carriers—Delay in Transportation—Damages—Proximate Cause.**

Although a railroad company was negligent in failing to transport and deliver in due time a machine operated by the owner for profit and would therefore be liable for the damages caused by its own negligence, it would not be liable for the damages resulting to the owner from such further delay as was caused by the breach of his contract by a third party who failed and refused after the machine was delivered to the owner by the railroad company to haul the same to the grounds where it was to be set up and operated; and this, though the third party would not have breached his contract if the railroad company had delivered the machine in a reasonable time.

Appeal from the County Court of Jones County. Tried below before Hon. Jas. P. Stinson.

*J. A. Kibler* and *Thomas & Chapman*, for appellants.—The only obligation resting upon defendants was to deliver the machine in the

usual and ordinary time. They were not responsible for the time it took plaintiffs to unload and put the machine in operation, nor any delay caused by the failure of plaintiffs in unloading said machine and putting same up ready for operation, after same had been delivered at Rotan by defendants. Chicago, R. I. & G. Ry. Co. v. Young & Ball, 107 S. W., 127; Galveston, H. & S. A. Ry. Co. v. Noelke, 110 S. W., 82; Chicago & E. I. R. Co. v. Chestnut Bros., 89 S. W., 298.

*Brooks & Scott* and *J. M. Allen,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—T. S. Shropshire, J. W. Shepperd and V. V. Shropshire shipped a machine called a merry-go-round from Meridian to Rotan. The Gulf, Colorado & Santa Fe Railway Company was the initial carrier and its connecting line, the Texas Central Railway Company, was the terminal carrier. The machine was delivered to the initial carrier on the 5th of July, reached Rotan on the 11th of the same month, and on the same day was delivered to the owners. The owners were engaged in operating the machine for hire and testified that at the time they delivered it for shipment at Meridian they notified the agent of the initial carrier that they desired to install and operate it at a picnic to be held at Rotan the 11th and 12th day of July. This suit was instituted by the owners against the two carriers named to recover damages claimed for loss of profits for an alleged negligent delay in the transportation of the machine, and from a judgment in favor of plaintiffs for four hundred and twenty-five dollars the defendants have appealed.

The picnic began on the 11th of July and continued until the close of the 13th of that month. The machine reached Rotan about three o'clock p. m. on the 11th of July, and the testimony of the plaintiffs was, in effect, that it usually required ten or twelve hours to install it for operation. On this occasion, however, the merry-go-round was not ready for operation until about seven or seven-thirty o'clock p. m. of the 12th of July, about twenty-eight hours after its arrival in Rotan.

Plaintiff T. S. Shropshire testified that in advance of the arrival of the shipment in Rotan he had engaged a drayman to haul it from the railway depot to the picnic grounds, but after its arrival the drayman refused to haul it on account of being then engaged in performing other work. Plaintiff was then compelled to make other arrangements for transporting the machine and was thereby delayed in installing it. Defendants objected to proof of this delay on the ground that the carriers were not legally responsible therefor, and in overruling that objection we think the court erred. If defendants negligently delayed the shipment and thereby incurred a liability to plaintiffs for damages, and if ten or twelve hours after the arrival of the machine in Rotan was the time reasonably required to install it ready for operation, then, in no event, could defendants be held liable for any delay beyond the period of time so required to begin operations. To hold otherwise would be to hold the defendants liable for the breach of the contract of the drayman.

In view of the evidence in the record it would be unreasonable to

say that the defendants should have anticipated any unreasonable delay in installing the machine after it reached Rotan. The negligence of defendants, if any, in failing to ship the machine to Rotan more speedily than was done was not the proximate cause of damages resulting solely from the subsequent failure of the drayman to perform his contract, even though it should be held that but for such negligence of defendants, the machine would have arrived in Rotan before the beginning of the picnic and at a time when other engagements would not have prevented the drayman from hauling the machine to the picnic grounds immediately after it reached the depot, as plaintiff's evidence tended to show he had promised to do. (Hunt Bros. v. Missouri, K. & T. Ry. Co., 74 S. W., 69; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.)

If ten or twelve hours after the machine arrived at Rotan was a reasonable length of time to install it ready for operation, then in no event could there be a recovery for loss of profits on the 12th of July. Yet the court instructed the jury that under certain contingencies stated in the charge, plaintiffs would be entitled to recover for loss of profits on the 12th of July, as well as for such losses on former days. Furthermore, by the charge the test of whether or not there was an unreasonable delay in installing the machine after its arrival at Rotan was, in effect, made to depend upon the question whether or not plaintiffs exercised ordinary diligence in the premises. The jury might correctly conclude that under the same circumstances a person of ordinary prudence would have relied upon the drayman to haul the machine without making other arrangements, and that plaintiffs in so doing should not be held to a lack of diligence. It is quite probable that they would then conclude that the extraordinary delay in getting the machine from the depot to the picnic grounds, which was occasioned solely by the failure of the drayman, was chargeable to the defendants, and that plaintiffs should be allowed damages therefor.

Appellants contend that the charge given to the jury by the court was upon the weight of the evidence, but when construed as a whole we do not think this criticism is well founded.

There are several other assignments of error in the record, under which it is insisted that the verdict of the jury was not warranted by the evidence, but in view of another trial those assignments will not be discussed.

For the error above indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*