### ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LINDSEY. (No. 2069.)*

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1919. Rehearing Denied Feb. 13, 1919.)

MASTER AND SERVANT ⊜⟞276(8)—INJURY TO SERVANT—EVIDENCE.

In a suit by a section hand, who suffered a rupture while lifting a motor hand car from the track, evidence held to warrant a finding that the proximate cause of his injury was the negligence of an assistant suddenly letting go of the car without warning.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Pink B. Lindsey against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee, employed by appellant as a section hand, claimed he was injured as the result of negligence on the part of another of appellant's employés, in that while they were lifting a motor hand car from the track the other employé suddenly and without warning let the car down so that the weight thereof fell on appellee. On special issues submitted to them, the jury found: (1) That appellee was injured while removing the car from the track. (2) That an employé of appellant without notice to appellee let down the car so as to throw the weight thereof on appellee. (3) That it was negligence on the part of said employé to so let down the car. (4) That the damage to appellee amounted to $500. The trial court having rendered judgment in appellee's favor on said findings, appellant prosecuted this appeal.

Marsh & McIlwaine, of Tyler, and Stephens & Sanders, of Gilmer, for appellant.

Simpson, Lasseter & Gentry, of Tyler, and Briggs & Florence, of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that the testimony did not warrant a finding that one of its employés was guilty of negligence in letting down the car as charged by appellee; or, if it did, did not warrant a finding that such negligence was the proximate cause of injury to appellee. The car, it seems, weighed 800 or 900 pounds. The motor with which it was equipped alone weighed about 400 pounds. The motor was placed at one end

---

⊜⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error denied March 26, 1919.

of the car, causing that end to be much heavier than the other. Appellee and two other men were lifting the heavy end. It was usual, he testified, when the car was to be lifted from the track, for the foreman to direct about the work. At proper times he would say, "pick up, boys," "walk off," "put down." On the occasion in question the men had picked up the car in obedience to the foreman's command, had carried it to the place where it was to be set down, and appellee was waiting, he said, for the usual order from the foreman to "put down," when one of the two men lifting with him at the heavy end of the car, without giving any warning of his intent to do so, suddenly turned loose his hold on the car, thereby throwing a greatly increased part of the weight thereof on appellee, whereby, he said, he suffered a rupture as charged in his petition. We think the jury had a right to say that a reasonably prudent person engaged in assisting others in moving the car, under the circumstances stated, would have anticipated injury might result to those assisting him if he suddenly and without warning them let down the car, and would not have let it down as it appeared one of appellant's employés assisting appellee did. Therefore we overrule the contentions specified. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

Other contentions made in appellant's brief also are overruled, because we think none of them presents a reason why the judgment should be reversed.

The judgment is affirmed.

