ANNA KELLY AND RAYMOND KELLY, PLAINTIFFS-APPEL-
LANTS, v. LOFT, INC., A BODY CORPORATE OF THE
STATE OF DELAWARE, DEFENDANT-RESPONDENT.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiffs-appellants, *Quinn & Doremus* (*John J. Quinn,* of counsel).

For the defendant-respondent, *Edward R. McGlynn* (*Joseph Weintraub,* on the brief).

The opinion of the court was delivered by

PORTER, J. The plaintiff-appellant Anna Kelly went into the defendant-respondent's store in Asbury Park in the evening of March 22d, 1937, to purchase candy. While in the act of leaving the store she slipped, fell to the floor and was hurt. The main floor of this store is six inches above the entrance doorway. Instead of a step there is an incline of the floor from the entrance to the level of the main floor. This incline is eight feet in length, making an elevation of three-quarters of an inch to each foot. The floor is covered with linoleum.

She, with her husband, brought suit to recover their respective damages. The complaint charges negligence in two respects. First, the failure to use reasonable care in the maintenance of the floor by the use thereon of slippery and dangerous substances. Second, the construction of the floor in a negligent manner.

At the close of the plaintiffs-appellants' case the trial judge granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

We think the nonsuit was right.

The proofs were barren of the presence of any substance on the floor which caused the fall. Interrogatories were read into the record which indicated that the linoleum had been mopped with warm water and soap on the morning of the accident and dried by the mopping and evaporation. Clearly there were no facts raised of any lack of reasonable care of condition of the floor covering.

As to faulty construction the testimony of an experienced builder was that the floor was not constructed by standard and generally accepted practice, that the incline was too sharp a slope. In his opinion, it was dangerous. He quite clearly bases his opinion to that effect on the theory that store floors ought to be level and that most of them, ninety per cent. he estimates, are.

It is not enough that the construction of the floor was not standard but it should further be shown that the deviation from the standard resulted in an unsafe and dangerous condition. That was not shown. True an expert witness, who was thoroughly examined, gave his opinion that it was dangerous but he based his opinion solely on the theory that all store floors should be level. While that is some testimony it is not entitled to much consideration in the light of common knowledge that store floors as well as other places of public use very frequently have sloping floors quite similar to the one in question. *Cf. Feil v. West Jersey and Seashore Railroad Co.*, 77 *N. J. L.* 502; *Hahn v. Freeholders*, 78 *Id.* 712; *Seckler v. Pennsylvania Railroad Co.*, 113 *Id.* 299; *Higgins v. County Seat Building and Loan Association*, 123 *Id.* 116.

Two assignments of error are argued. First, on the ruling

of the court on the admission of evidence. We think that ruling harmless error, however it need not be discussed because no objection was taken to the ruling.

The other ground urged is that a factual question was raised and it was error not to have submitted it to the jury.

We think not. We conclude that no facts were presented on which reasonable minds could differ. *Gillespie* v. *Cumming*, 62 *N. J. L.* 370.

Moreover the "scintilla" rule is not the law in this state. That was pointed out by Mr. Justice Parker speaking for this court recently in *Pellington* v. *Erie Railroad Co.*, 115 *N. J. L.* 589, in which cases are cited.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ.   12.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ.   3.