**H. A. HANSEN, Appellant,**

v.

**WARE'S, INC., et al., Appellees.**

No. 13469.

Court of Civil Appeals of Texas.

San Antonio.

May 13, 1959.

Rehearing Denied June 10, 1959.

Darrell G. Lochte, Kerrville, Oliver & Oliver, San Antonio, for appellant.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellees.

BARROW, Justice.

This is a personal injury damage suit brought by H. A. Hansen against Lorene Cowden as the owner of a building in the City of Kerrville, Texas, and Ware's, Inc., as owner of a business in the building rented from Lorene Cowden. Plaintiff's petition alleged that plaintiff's wife, Laura Mae Hansen, who at the time was 68 years old, while walking on the public streets and sidewalks of the City of Kerrville, slipped and fell on the sidewalk in front of the aforesaid place of business.

The defendants denied liability and also moved for a summary judgment on the grounds that, first, liability, if any, rested with the City of Kerrville and not with the defendants as property owners abutting this public sidewalk; and, second, that the condition of the sidewalk at the place where Mrs. Hansen slipped was as open and obvious to her as it was to the defendants.

The grounds upon which plaintiff seeks to establish liability against defendants are

negligence in "maintaining said sidewalk in a slippery condition," and "paving said sidewalk with terrazzo tile, with a slick, slippery and dangerous surface."

The trial court granted defendants' amended motion for summary judgment and entered a take nothing judgment against plaintiff. This appeal is from that judgment.

There were before the trial court in considering the summary judgment motion, in addition to the pleadings, the following: the affidavit of Lorene Cowden, the affidavit of J. H. Ware, and the deposition of Laura Mae Hansen, all of which were attached to the motion. The affidavit of the photographer A. C. Jorns and certain photographs he made of the sidewalk in question were attached to appellees' supplemental motion for summary judgment. There was also in the record the affidavit of J. F. Johnson, who repaired the building and constructed the sidewalk.

Two main questions which are decisive of the case are presented by this appeal: First, were the appellees or either of them responsible for the construction or maintenance of the sidewalk in question? Second, were the conditions existing in the sidewalk on the date in question as open and obvious to Mrs. Hansen as they were to appellees?

From the view we take of this case we need not consider the first question at all. The evidence is undisputed that the terrazzo tile sidewalk in front of the place of business aforesaid was constructed by a former owner of the premises, more than seven years prior to January 16, 1956, when Mrs. Hansen slipped and fell; that said sidewalk was constructed in connection with certain repairs to said building, made by the owner with a view of renting the building to appellee Ware's, Inc. That later on the building was sold to appellee Lorene Cowden, and she became the landlord. That said terrazzo surface is a smooth, somewhat slick surface, and that it absorbs

moisture during damp weather; that on the occasion in question Mrs. Hansen walked across the street from the opposite side, taking hold of the parking meter with her left hand and placing her left foot on the curb of the terrazzo tile pavement, when she slipped and fell. In her deposition, Mrs. Hansen testified, that while it was a damp, cool morning, it had not rained, that she did not see any water on the tile pavement, and that she did not know what caused her to fall. She further testified that she did not see any dirt or any other object on the pavement, which would cause her to fall, but that she just slipped and fell. She further testified that previous to this occasion she had walked along this sidewalk and across this particular terrazzo tile many times; that she knew it had a slippery surface. That on a previous occasion she had slipped on other terrazzo tile sidewalks in the City of Kerrville, and that she knew that she had to walk carefully on terrazzo tile. There is no evidence of any breaks, cracks, depressions or loose places in the sidewalk in question, nor are there any sudden elevations therein. It was perfectly smooth. This alleged fall occurred in the daytime, about the middle of the morning, when said sidewalk was entirely open and obvious, and there were no concealed or hidden defects therein.

We have concluded that, even though it be assumed that appellees constructed and maintained the sidewalk, this case falls squarely within the rule laid down by the Supreme Court in Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374. The condition complained of by appellant was as easily perceptible to Mrs. Hansen as to the appellees. The appellant under such circumstances cannot recover.

In the Adair case, supra, the plaintiff slipped and fell on the stairs and sought to hold the bank liable on the ground that the stairs were made of "smooth marble." It was held that there was no evidence to go to the jury on the bank's liability in

the case. The smooth marble stairs were situated on defendant's premises and plaintiff was an invitee thereon.

In Russell v. Liggett Drug Co., Tex.Civ. App., 153 S.W.2d 231, 233, the deceased, a business invitee in a beauty parlor, slipped and fell on a freshly waxed and polished floor, which resulted in injuries which allegedly caused her death. It was shown that she had been in the beauty parlor the day before and had walked over these same freshly waxed floors. The court held that the instructed verdict for defendant was proper, and in so doing said:

"Whatever may have been the condition of the floor, it was not concealed, but obvious and plainly to be observed by the injured lady through walking thereon. From this perspective, it is difficult to escape the conclusion of non-liability for injuries from dangers which are manifest, or as well known to the injured party as to the defendant."

In Marshall v. San Jacinto Bldg., Tex. Civ.App., 67 S.W.2d 372, 374, the Court in holding that the owner of a building is not liable for injuries sustained from alleged defects which are open and obvious, stated:

"To the same effect is the rule announced by 20 R.C.L. pp. 56, 57: 'The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.' Our Supreme Court announced the same general rule in Stimpson v. Bartex Pipe Line Co., 120

Tex. 232, 36 S.W.2d 473, 476: 'If it appears that the injury complained of was produced by a peril of an obvious or patent character a recovery should be denied.'"

See, also, Wilson v. Werry, Tex.Civ.App., 137 S.W. 390, writ refused; Alamo National Bank of San Antonio v. Hazlitt, Tex.Civ.App., 92 S.W.2d 315; Forth Worth & D. C. R. Co. v. Hambright, Tex.Civ. App., 130 S.W.2d 436.

■ The only condition under which an owner is liable to those whom he invites upon his premises is when dangerous and unsafe instrumentalities or conditions exist and are known to him and not known to the invited persons and they are injured by such instrumentalities or conditions. It follows, that if such person is injured under such circumstances and the instrumentality or condition by which he is injured is as obvious or well known to him as to the owner of the premises, no liability exists for such injury and the law will allow him no recovery therefor. Fort Worth & D. C. R. Co. v. Hambright, supra; Russell v. Liggett Drug Co., supra.

Appellant relies strongly on J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698, 699. That case is clearly distinguishable from the case at bar, for the reason that the court did not pass upon the question of an open and obvious well-known defect, but, after stating that the evidence of negligence contained in the record was very meager, the court went on to say that the manager of the store saw Mrs. Brockman fall and rushed to her aid; that he then asked her if she was hurt, and took her name and address and said that he would send a company doctor to visit her; that he said "you are the fifth or sixth lady who has fallen here." Upon this testimony the Court held that there was some evidence to go to the jury on the issue of negligence and proximate cause, considering that there is a broad latitude allowed jurors in making inferences from circumstances in evidence. It is apparent that

**912**

the fact issue was raised by reason of the manager's declarations against interest.

Viewing the facts in the light most favorable to appellant and against appellees, the conclusion is inescapable that there is no genuine issue of fact upon which a jury could make a finding which would entitle appellant to recover, hence the action of the trial court in granting the summary judgment was proper.

The judgment is affirmed.