The GEO. D. BARNARD COMPANY, Appellant,

v.

Paul John LANE et al., Appellees.

No. 16582.

Court of Civil Appeals of Texas.

Dallas.

July 9, 1965.

James L. Mitchell, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Frank Finn, Jr., and David F. Hunt, Dallas, Harris, Ball & Davis, Arlington, for appellees.

DIXON, Chief Justice.

Appellant George D. Barnard Company, a corporation, sued appellees Paul John Lane, Charles Spradlin and Western Catering Service, a corporation, for its damage alleged to grow out of a collision between two motor vehicles at a street intersection in Dallas, Texas. One of the vehicles was being driven at the time by appellee Paul John Lane, the other by appellee Charles Spradlin, an employee of appellee Western Catering Service.

A plea denominated a "Plea in Bar" was sustained on the ground that the allegations in appellant's original petition show affirmatively as a matter of law that the alleged damage suffered by appellant was not proximately caused by appellees' negligence. More specifically it is contended that the necessary element of foreseeability is lacking as is evident from the facts alleged in appellant's petition. Appellant declined to amend its petition so its suit was dismissed.

In its only point on appeal appellant asserts error of the trial court in holding as a matter of law that the negligence of appellees could not have been a proximate cause of appellant's damages.

In its petition appellant alleged that on May 17, 1963 appellee Lane was operating his vehicle on a street named Chancellor Row. Appellee Spradlin was operating a vehicle owned by his employer, Western Catering Service, on a street named Regal Row. At the intersection of the two streets Spradlin operated his vehicle into a collision with Lane's vehicle which resulted in Lane's vehicle being propelled across a parkway and against a utility pole.

Appellant alleged that at the time and on the occasion in question Lane and Spradlin were each guilty of acts of negligence as follows: (A) in driving at an excessive rate of speed; (B) in failing to keep a proper lookout; (C) in failing to yield the right-of-way to the other's automobile; and (D) in failing to timely apply his brakes.

Appellant's petition describes a train of events, beginning with the collision of the two vehicles which finally ended in damage to appellant. We quote from appellant's petition:

"II.

"Heretofore to-wit: on or about May 17, 1963, Plaintiff was in quiet use and enjoyment of its premises located at 9113 Sovereign Row in the City of Dallas, Texas, and was there engaged in the normal activity of its business. The premises of Plaintiff was cooled by refrigerated air supplied by air conditioning units that operated off electricity furnished by Dallas Power & Light Company through a transformer

located on a utility pole adjacent to Sovereign Row."

\*    \*    \*    \*    \*    \*

"IV.

" \*    \*    \* Sovereign Row is a street and thoroughfare running in a northerly and southerly direction one block East of Chancellor Row and it also intersects Regal Row."

\*    \*    \*    \*    \*    \*

"VIII.

"Plaintiff would respectfully show that one, or more, or all, of the foregoing acts of negligence on the part of the Defendants proximately caused the collision of the two automobiles and the resulting collision of the automobile driven by Defendant Lane with the utility pole on which is located the transformers which supplied the electricity to Plaintiff's air conditioning equipment, and that such act, or acts, of negligence on the part of the Defendants, and each of them, proximately caused the damage that Plaintiff suffered as will be hereinafter more specifically set out.

"IX.

"The damage to the transformer effected the amount of current being furnished to the air conditioning equipment, resulting in damage to the electrical circuits, relays, condensers and thermostats rendering the air conditioning equipment inoperative. Because of the extent of damage to the compressor unit, it was necessary, in order to restore air conditioning to the premises of Plaintiff to replace the unit at a cost to Plaintiff of Nine Hundred and Fifteen Dollars ($915.00), and Plaintiff has been damaged in that amount.

"X.

"Plaintiff would further show to the Court that his business was disrupted for in excess of two hours because of the interruption of electrical service to Plaintiff's place of business proximately caused by the negligence of the Defendants, and that this interruption of Plaintiff's business caused damage to Plaintiff, and Plaintiff says that at this time an accurate analysis of the loss to Plaintiff by reasons of this business interruption has not been determined, but Plaintiff reserves the right to plead further with reference to this item of damage."

Ordinarily proximate cause is a question of fact but in some cases the question becomes one of law. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Corpus Christi Speedway v. Morton, Tex. Civ.App., 279 S.W.2d 903, 906–907; Cave v. Texas & P. Ry. Co., Tex.Civ.App., 296 S.W.2d 558, 560; Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543; Parker Food Stores, Inc. v. Pierce, Tex.Civ.App., 374 S.W.2d 699, 706. For purposes of our decision here we must accept as true the facts alleged in appellant's pleading in determining the question whether the issue of proximate cause is an issue of fact or of law. Sartain v. Bosinger, Tex.Civ.App., 204 S.W.2d 524; Franklin v. Houston Electric Co., Tex.Civ.App., 286 S.W. 578.

It is well settled that proximate cause embraces two concepts: cause in fact and foreseeability. The presence of both concepts is necessary in order to bring legal proximate cause into existence. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Austin v. Salazar, Tex.Civ. App., 241 S.W.2d 445; Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560; Parker Food Stores, Inc. v. Pierce, Tex.Civ. App., 374 S.W.2d 699, 705.

Foreseeability as a legal term in the law of negligence and proximate cause

does not contemplate that a party charged with negligence must have foreseen the exact or particular damage caused by his negligence. The test is whether the injury or an injury similar in general might reasonably have been anticipated as a natural and probable result of the negligent act or acts. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; International-G. N. R. Co. v. Lowry, 132 Tex. 272, 121 S.W.2d 585. The wrongdoer is not responsible for a consequence which is merely possible, but only for a consequence which is probable according to ordinary and usual experience. Franklin v. Houston Electric Co., Tex.Civ. App., 286 S.W. 578; Davidson v. Methodist Hospital of Dallas, Tex.Civ.App., 348 S.W. 2d 400, 403, and cases there cited.

Bearing in mind the legal principles above stated we have concluded that the allegations of appellant show as a matter of law that proximate cause is lacking. It is our opinion that taking appellant's allegations as true, appellees cannot be held reasonably to have anticipated that their acts of negligence would have set up an extended train of events which would end in the type of injury or some injury in general similar to that suffered by appellant. In other words, we believe that appellees at the time they committed the named acts of negligence could not reasonably be expected to foresee that the natural and probable result of their negligence would be that their vehicles would collide, which would in turn cause the vehicle operated by Lane to be propelled against a utility pole, which would in turn cause a transformer to be damaged, which would in turn affect the flow of electrical current to a business establishment located some distance away on another street, which would in turn cause a disruption of electrical service in said business establishment for more than two hours, which would in turn cause injury to the air conditioning unit of said business, which would result in damage of the general type suffered by appellant in this case. Such damage or some damage similar in type in our opinion is too remote to have been foreseeable by appellees. Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W. 2d 847; Panhandle & S. F. Ry. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146, 149; Byrd v. English, 117 Ga. 191, 43 S.E. 419, 64 L.R.A. 94. We therefore hold that the trial court properly dismissed appellant's cause of action. Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.

Affirmed.