

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00026-CV

KAREN LINDSEY SMITH, APPELLANT

V.

TERRY P. PROVINCE, APPELLEE

On Appeal from the County Court at Law No. 2
Denton County, Texas[1]
Trial Court No. CV-2016-00729, Honorable Robert Ramirez, Presiding

April 25, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Karen Lindsey Smith, sued appellee, Terry P. Province, to recover damages for personal injuries after sustaining a dog bite from one of Province's dogs. The trial court granted summary judgment in Province's favor. In two issues, Smith asserts the trial court erred in excluding summary judgment evidence and in granting

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

summary judgment.  Because we conclude that the trial court properly granted Province's summary judgment motion, we affirm the judgment of the trial court.

Background

In January of 2016, Smith was working as a seasonal employee for United Parcel Service when she was dispatched to deliver a package to Province's home on a rural property near Ponder, Texas.  While traveling to Province's property, a fellow employee advised Smith that Province had one or more dogs on the property, and she was instructed to leave the package on the outside of the gate.  Smith approached the gate and was aware of two dogs that were close to the gate within the fenced-in property.  While Smith was leaving the package, a third dog, Heidi, without any warning, bit Smith on the neck through the gate.

At the time of the incident, Heidi was a six-year-old mixed breed dog weighing approximately 100 pounds.[2]  Province acquired Heidi when she was a puppy, about eight weeks old.  According to Province's affidavit, "Heidi is normally a well-behaved dog, having received formal training from a commercial dog trainer that made her obedient to the following commands: come, sit down, place, stay, off, quiet, and release."  Province owns five dogs and three of the dogs, including Heidi, primarily stay outdoors.  The dogs are kept within a fenced-in yard, with a gate at the primary point of ingress and egress.  The gate is a five-panel steel farm gate with vertical bracing.  The space between the horizontal gate slats is wide enough for a dog to stick its nose through.  Because of the

---

[2] In 2011, Province obtained a DNA test on Heidi.  The report shows that Heidi is a "Boxer, Collie, Labrador Retriever mix, crossed with German Shepherd dog mix."  Smith attached the DNA report as an exhibit to her response to the motion for summary judgment.

space between the slats, Province placed chicken wire along the bottom portion of the gate to keep two of his smaller Dachshunds in the yard.

Province avers that Heidi "has no vicious tendencies and has never bitten anyone before the incident at issue." Province prefers for "delivery people to leave packages outside the gate." According to Province, "none of our dogs has ever attacked, chewed, or in any way damaged a package or piece of mail left at our property."

Smith sued Province for negligence and gross negligence.[3] Province filed a traditional and no-evidence motion for summary judgment primarily contending that there was no evidence that the dog bite was foreseeable or that Province owed or breached any duty to Smith. In response, Smith points to evidence that German Shepherd dogs and Boxers have in-bred aggressive tendencies and argues for a heightened standard of care based on the breed of the dog in question. Smith claims that Province owed a duty to protect Smith from these in-bred tendencies and that Province breached his duty by failing to cover openings in his gate that permitted the dog to bite Smith. The trial court granted the motion for summary judgment without specifying the grounds, and Smith appeals.

## Standards of Review

We review the trial court's decision to grant summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and

---

[3] A finding of negligence is a prerequisite to a finding of gross negligence. *In re J.H. Walker, Inc.* No. 05-14-01497-CV, 2016 Tex. App. LEXIS 483, at *30 (Tex. App.—Dallas Jan. 15, 2016, no pet.) (mem. op.). Smith makes no argument on appeal that there is evidence of gross negligence.

resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A trial court properly grants a motion for summary judgment when the movant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Id.* at 216.

In reviewing a no-evidence summary judgment, we must consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Gonzalez v. Ramirez,* 463 S.W.3d 499, 504 (Tex. 2015) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will affirm a no-evidence summary judgment if the record shows one of the following: (1) there is no evidence on the challenged element, (2) the evidence offered to prove the challenged element is no more than a scintilla, (3) the evidence establishes the opposite of the challenged element, or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *City of Keller*, 168 S.W.3d at 810.

Appellate courts review a trial court's ruling sustaining or overruling objections to summary judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Alan Props., LLC,* 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied). To

determine whether a trial court abused its discretion, the court must decide whether the trial court acted without reference to any guiding rules or principles; in other words, the court must decide whether the act was arbitrary or unreasonable. *Id.* Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

Applicable Law

A person injured by a dog or other domestic animal may bring a suit for negligent handling against the dog's owner. *See Marshall v. Ranne*, 511 S.W.2d 255, 258 (Tex. 1974). To recover on a claim of negligent handling of an animal, the victim of a dog bite must prove: (1) the defendant was the owner or possessor of an animal, (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others, (3) the defendant breached that duty, and (4) the defendant's breach proximately caused the plaintiff's injury. *Labaj v. VanHouten*, 322 S.W.3d 416, 420 (Tex. App.—Amarillo 2010, pet. denied). It is not necessary to find an animal vicious to sustain a negligence action if the plaintiff can prove that the dog's owner was negligent in handling the animal. *Muela v. Gomez,* 343 S.W.3d 491, 496 (Tex. App.—El Paso 2011, no pet.). However, an animal's vicious nature or its class may be factors in determining foreseeability and proximate cause. *Gorman v. Murali*, No. 02-17-00232-CV, 2018 Tex. App. LEXIS 4115, at *4-5 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op). The status of the person injured on the landowner's premises determines the scope of the duty. Labaj, 322 S.W.3d

at 421.[4]  To establish that a defendant breached its duty, the plaintiff "must present evidence showing [the defendant] did not act as a 'reasonable prudent person' would have acted in the same or similar circumstances in handling the dog."  *Stein v. Reger*, No. 01-15-00470-CV, 2016 Tex. App. LEXIS 5961, at *9 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.) (mem. op.) (quoting *Allen v. Albin*, 97 S.W.3d 655, 666 (Tex. App.— Waco 2002, no pet.)).  A party is not held responsible for the consequences of an act that cannot be reasonably foreseen.  *Labaj,* 322 S.W.3d at 421; *see* Tex. & Pac. Ry. Co. v. Bigham, 38 S.W. 162, 163 (Tex. 1896).

## Analysis

### Summary Judgment

We will address Smith's second issue first.  Smith asserts that the court erred in granting summary judgment because she offered competent evidence to raise a genuine issue of material fact on her negligence claim.  In response to Province's motion, Smith argues she produced evidence establishing that Province owed a duty to protect Smith from the dog's dangerous and in-bred tendencies and that Province breached this duty by failing to cover known openings in the gate when he easily could have done so.  Smith relies upon the DNA analysis of Heidi, deposition testimony from Province, and excerpts downloaded from internet websites for *Forbes*, *Inside Dogs World*, and *Psychology*

---

[4] Here, the parties do not dispute that Smith was an invitee.  As an invitee, Province owed Smith a "duty to exercise ordinary care to keep his premises in a reasonably safe condition . . . ."  *Id.; see Dunnings v. Castro*, 881 S.W.2d 559, 563 (Tex. App.—Houston [1st Dist.] 1994, no writ.) (op. on reh'g) (mailman is invitee in dog bite negligence case).

6

*Today,* "regarding the well-known tendencies of German Shepherd dogs and Boxers" to support her contention that the attack on Smith was foreseeable.

The threshold inquiry in a negligence case is duty. *Muela*, 343 S.W.3d at 497. Here, whether a duty exists depends on whether the risk of injury from the dog bite is foreseeable, that is, whether Province had actual or constructive knowledge of the danger presented by his dog. *Labaj*, 322 S.W.3d at 421.

Smith contends that the DNA report and the internet articles provide evidence of Heidi's vicious and aggressive nature that precludes summary judgment. Smith points to two sentences in the 2011 DNA report stating, "[t]here have been reported incidents of German Shepherd dogs being aggressive with other pets or people" and Boxers have a "[t]endency to jump up on people" as evidence of constructive knowledge of Heidi's vicious propensities or vicious and unruly nature. But the DNA profile relied on by Smith describes the general characteristics of German Shepherds and Boxers. It does not describe or refer to Heidi's characteristics. We conclude that the DNA report fails to raise a fact issue about Heidi's characteristics. Specifically, the DNA report does not indicate that Heidi was aggressive, or had a vicious or unruly nature. This evidence does not establish a fact issue that Province has knowledge that Heidi was vicious or had an aggressive nature because there was no indication and no evidence that Heidi was vicious prior to biting Smith. To the contrary, the summary judgment evidence established that Province raised Heidi from a puppy, she was normally a well-behaved dog, and she had never previously bitten anyone in the six years that Province owned the dog.

The internet articles,[5] discussed in more detail in the next section of this opinion, are not probative evidence of a particular dog's tendencies; they only speak to general characteristics of dog breeds. Moreover, this evidence fails to take into account Heidi's specific nurturing, socialization, and training as a mixed-breed dog.

Smith posits that Province should have considered Heidi's "reputation for aggressiveness" in deciding how to maintain his gate. However, the summary judgment evidence established that Heidi had no prior violence-related issues or aggressive tendencies. Province acquired Heidi as a puppy, raised her as a pet with his other dogs, and she was normally a well-behaved dog. Moreover, Heidi had never bitten anyone in the six years Province owned the dog; she had never attacked, chewed, or in any way damaged a package; and Heidi remained within the confines of Province's property at all relevant times during the incident.

While Province does not dispute that there were openings between the slats in the gate, he maintains that he had no duty to cover the entire gate with chicken wire, as suggested by Smith, because it was not foreseeable that Heidi would stick her snout through the slats and bite someone on the other side of the gate. We agree.

Here, it was not foreseeable that Heidi would bite a delivery person on the other side of a gated, fenced yard. Province testified in his deposition that "I had never conceived of or considered that the dogs were a risk." To establish proximate cause, Smith must show that a person of ordinary intelligence would have anticipated the danger

---

[5] The trial court sustained Province's hearsay objections to exhibit B, excerpt from *Forbes* magazine entitled, "Most Dangerous Dogs"; exhibit C, excerpt from *Inside Dogs World*, entitled "Top 10 Most Dangerous Dog Breeds in the World"; and exhibit D, an excerpt from *Psychology Today* entitled, "14 Dog Breeds Blacklisted by Insurance Companies."

8

created by a negligent act or omission. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998). The general character of that injury must reasonably have been anticipated or foreseen to establish proximate cause. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). An injury is foreseeable if, based on common experience applied to human conduct, a person of ordinary intelligence could have predicted the injury. *Read*, 990 S.W.2d at 737. Smith does not identify any evidence that Province could have foreseen that Heidi would bite someone on the other side of the gate. There is no evidence in the record to establish that Province knew or should have known that Heidi had vicious propensities or a vicious or unruly nature. Thus, we conclude the summary judgment evidence proffered by Smith does not raise a fact issue of actual or constructive knowledge of any vicious tendencies of Heidi and therefore there is no evidence of foreseeability, a necessary element of proximate cause in Smith's negligence action. Smith's second issue is overruled.

Excluded Evidence

In her first issue, Smith contends that the trial court erred by striking the internet articles on the basis of hearsay. *See* TEX. R. EVID. 801(d) (defining hearsay). According to Smith, the articles are not hearsay because they are not offered to prove that German Shepherd dogs and Boxers are, in fact, hyper-aggressive breeds. Instead, the articles are offered to demonstrate that it is common knowledge that members of these breeds

9

may have aggressive traits and this "reputation" for aggressiveness is an exception to the general rule regarding hearsay citing Texas Rule of Evidence 803(21).[6]

The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Reed v. Cook Children's Med. Ctr., Inc.*, No. 02-13-00405-CV, 2014 Tex. App. LEXIS 5760, at *10 (Tex. App.—Fort Worth May 29, 2014, no pet.) (mem. op). We are not persuaded that Smith's evidence fits the reputation exception to the hearsay rule. First, a plain reading of the text of the reputation exception suggests it applies to persons, not animals. TEX. R. EVID. 803(21). Second, the articles that Smith relies on are not evidence of Heidi's reputation. The articles generally discuss common aggressive characteristics of certain breeds of dogs, including German Shepherds and Boxers, but the articles are not evidence of Heidi's unique genetic ancestry as a mixed-breed dog. Smith offers the articles to prove that German Shepherds and Boxers have well-known aggressive tendencies and that, therefore, Heidi has aggressive tendencies. The information contained in the articles would have to be true in order to have the evidentiary value Smith intended. As such, the evidence is hearsay and, since it does not fall within any exception to the hearsay rule, it is properly excluded.

We conclude the trial court did not abuse its discretion in excluding exhibits B, C, and D attached to Smith's summary judgment response. We overrule Smith's first issue.

---

[6] The Rules of Evidence contain an exception from the hearsay rule for reputation concerning character. TEX. R. EVID. 803(21) ("A reputation among a *person's* associates or in the community concerning the *person's* character.") (emphasis added).

Conclusion

Having overruled both of Smith's issues, the judgment of the trial court is affirmed.[7]

Judy C. Parker
Justice

---

[7] When a party moves for both traditional and no-evidence summary judgment, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion, as it necessarily fails. *Merriman,* 407 S.W.3d at 248.