In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00255-CV**
_____

**TOSHA JOHNSON AND JACK LEE JOHNSON, Appellants**

**V.**

**JOE MICHAEL WALKER, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 39786A**

**MEMORANDUM OPINION**

Appellants Tosha Johnson and Jack Lee Johnson ("Appellants," "Plaintiffs," or "the Johnsons") appeal the trial court's order granting Appellee Joe Michael Walker's ("Appellee" or "Walker") Rule 91a motion to dismiss. We affirm.

Background

The parties do not dispute the underlying facts. On Christmas Day of 2019, nineteen-year-old Anthony McGowan was visiting the Johnsons' home in Buna, Texas. According to the Plaintiffs, Anthony was visiting their fifteen-year-old son

James. Anthony brought a stolen gun with him, and he gave the gun to James. The Plaintiffs allege that after Anthony told James the gun was not loaded James showed the gun to James's ten-year-old cousin, H.J.,[1] who was also visiting the Johnsons. H.J. then accidentally shot James with the gun. James sustained injuries in the stomach and chest, and James later died from his wounds.

The Johnsons filed an Original Petition against Anthony and H.J. in November 2021 and a First Amended Petition in December 2021, stating claims for negligence, negligence per se, and gross negligence. The Johnsons' Second Amended Petition named H.J. and added a claim against the Defendant Joe Michael Walker as defendants.[2] The Plaintiffs alleged in the Second Amended Petition that

> 9. Plaintiffs' and James's injuries and damages were proximately caused by the wrongful actions, neglect, negligent activity, carelessness, unskillfulness, and reckless conduct of [H.J.] and Walker in one or more of the following respects:
>
> a) In [H.J.] negligently handling the gun.
> b) In [H.J.] pulling the trigger of the gun.
> c) In Walker leaving a loaded gun in his unlocked pickup truck.

Plaintiffs also allege that "[a]s a result of both Defendants' negligence and recklessness, James Lee Johnson suffered conscious pain and suffering prior to his death for which, on behalf of his estate, Plaintiffs now sue."

---

[1] We use initials to refer to the minor defendant. *Cf.* Tex. R. App. P. 9.8.
[2] The Second Amended Petition no longer named Anthony McGowan as a defendant.

Walker filed an Original Answer asserting a general denial. Walker also filed a Rule 91a Motion to Dismiss that restated the Plaintiffs' factual allegations and moved for dismissal for three reasons: (1) Texas does not recognize a cause of action for negligent storage of a firearm; (2) Walker's alleged acts or omissions were not a proximate cause of the incident because they were not a substantial factor in bringing about the incident; and (3) Walker's alleged acts or omissions were not a proximate cause of the incident in question because it was not reasonably foreseeable. According to Walker the Plaintiffs' claims have no basis in law.

The Plaintiffs filed a Response to Walker's Motion to Dismiss. Therein, they stated that

> 3. The handgun that [H.J.] used to accidentally shoot and kill James had been stolen by McGowan from Walker, who left the handgun, loaded with ammunition, in his unlocked pickup truck.[3]

In their Response, the Plaintiffs also stated that, at the time of the shooting, Anthony was nineteen years old, James was fourteen years old, and H.J. was ten years old. Plaintiffs argued that they did not state a claim against Walker for negligent storage of a firearm.

According to the Plaintiffs, several cases have addressed claims of negligence involving fact situations where a gun owner had left a gun where someone may find

---

[3] The record does not say where the pickup truck was located when the gun was stolen.

3

the gun and then the gun was used to injure or kill another person, citing some Texas cases and out-of-state cases.[4] Plaintiffs argued that "'[a]lthough the criminal conduct of a third party may be a superseding cause which relieved the negligent actor from liability, the actor's negligence is not superseded and will not be excused when the criminal conduct is a foreseeable result of such negligence[,]'" citing *Roberts v. Healey*, 991 S.W.2d 873, 878 n.4 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (quoting *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)).

Plaintiffs also alleged that no discovery had occurred, and the facts had not been developed enough for the trial court to determine whether Walker's acts or omissions constituted a proximate cause as a matter of law nor to determine Walker's knowledge about the likelihood of injury or death resulting from a stolen gun.

Plaintiffs further argued to the trial court that guns are inherently dangerous, that severe harm to third parties is foreseeable, and that gun owners have a responsibility to use reasonable care to prevent accidental or intentional shootings. Plaintiffs argued that section 46.13(b) of the Penal Code makes it a crime to negligently fail to secure a readily dischargeable firearm when a child gains access

---

[4] *Morin v. Moore*, 309 F.3d 316 (5th Cir. 2002); *Valentine v. On Target, Inc.*, 727 A.2d 947 (Md. 1999); *Gallara v. Koskovich*, 836 A.2d 840 (N.J. 2003); *Richardson v. Crawford*, No. 10-11-00089, 2011 Tex. App. LEXIS 8150 (Tex. App.—Waco Oct. 12, 2011, pet. denied) (mem. op. on reh'g); *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Prather v. Brandt*, 981 S.W.2d 801 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

to the firearm, or to leave a firearm somewhere the person knew or should have known a child would gain access to it. *See* Tex. Penal Code Ann. § 46.13(b) ("Making a Firearm Accessible to a Child"). Plaintiffs alleged that placing a firearm in an unlocked vehicle without a disabling device is not securing the firearm as a reasonable person would do. Plaintiffs asked the trial court to deny Walker's motion to dismiss.

The trial court signed an order on June 7, 2022, granting Walker's Motion to Dismiss with prejudice. Thereafter, Walker filed a Motion to Sever, which the trial court granted, and this appeal followed.

Issues

In Appellants' first issue on appeal, Appellants argue that Walker's alleged conduct was not too attenuated and remote from the shooting to constitute proximate cause of the incident as a matter of law. In Appellants' second issue, Appellants argue that the trial court erred by dismissing their lawsuit on the grounds that Texas does not recognize an independent cause of action for negligent storage of a firearm because Plaintiffs did not make an independent claim for negligent storage of a firearm.[5] In their third issue, Appellants argue that Walker could have reasonably

---

[5] In Appellants' Reply Brief, Appellants also state what Appellants call "Issue No. 2A," wherein Appellants argue that this Court should adopt a new "analytical framework to determine legal duty [] in negligence cases to account for concerns and confusion arising from courts having to determine foreseeability as an element of legal duty and juries also having to determine foreseeability as an element of

foreseen that leaving his loaded handgun in his unlocked vehicle could result in the handgun being stolen and used in an accidental shooting. We consider all points as one issue—whether the trial court erred in granting Walker's Rule 91a Motion to Dismiss.

Standard of Review

Rule 91a allows a party to move to dismiss a cause of action that has no basis in law or fact. *See GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (citing Tex. R. Civ. P. 91a.1). The rule provides in relevant part,

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1.

"We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447

---

proximate cause." This argument was not made in Appellants' initial Brief on appeal, nor was it before the trial court. *See* Tex. R. App. P. 33.1, 38.3. We decline Appellants' invitation.

6

S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *GoDaddy.com, LLC*, 429 S.W.3d at 754. In determining whether the trial court erred in denying a defendant's motion to dismiss, we take all the plaintiff's allegations as true and consider whether a plaintiff's petition contains "enough facts to state a claim to relief that is plausible on its face." *See GoDaddy.com, LLC*, 429 S.W.3d at 754. The trial court's ruling must be based solely on the plaintiff's pleadings of its claims. Tex. R. Civ. P. 91a. We have previously explained that "dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *GoDaddy.com, LLC*, 429 S.W.3d at 754. To determine whether dismissal under Rule 91a is required in this case, we consider whether the pleadings, liberally construed, allege sufficient facts to state a claim against Walker. *See Sanchez*, 494 S.W.3d at 725.

Negligence Claim and Proximate Cause

A claim of negligence requires the claimant to show that damages were proximately caused by a breach of a duty. *See Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018). Proximate cause has two components: foreseeability and cause in fact. *Id.* (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010)). Harm is foreseeable if a person of ordinary intelligence should have anticipated the danger created by an act or omission. *Id.* (citing *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016)). "'Foreseeability usually is determined by whether the defendant is

aware of prior, similar conduct by third parties.'" *Id.* (quoting *Taylor v. Louis*, 349 S.W.3d 729, 737 (Tex. App.—Houston [14th Dist.] 2011, no pet)). "The exact sequence of events need not be foreseeable; rather, the prior conduct must be sufficiently similar to give the defendant notice of the general nature of the danger." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Genell, Inc. v. Flynn*, 358 S.W.2d 543, 547 (Tex. 1962)). We consider not only the foreseeability of the general danger but also whether the injury to the plaintiff or one similarly situated could be anticipated. *Id.* (citing *Mellon Mtg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999) (plurality); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)). Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury. *Id.* (citing *Stanfield*, 494 S.W.3d at 103; *Doe*, 907 S.W.2d at 478).

Breach of a duty proximately causes an injury if the breach is a cause in fact of the harm and the injury was foreseeable. *See Stanfield*, 494 S.W.3d at 97-98 (examining whether judicial error can constitute an intervening or superseding cause in a malpractice action) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Res. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009)). Cause in fact requires "'proof that (1) the negligent act or omission was a substantial factor in bringing about the

harm at issue, and (2) absent the negligent act or omission ("but for" the act or omission), the harm would not have occurred.'" *Id.* at 97 (quoting *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.2d at 122). "If a negligent act or omission 'merely creat[es] the condition that makes the harm possible,' it is not a substantial factor in causing the harm as a matter of law." *Id.* (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 800 (Tex. 2004)). "Conjecture, guess, and speculation are insufficient to prove cause in fact and foreseeability." *Id.* (citing *Akin*, 299 S.W.3d at 122).

Sometimes a new and independent, or superseding, cause may "'intervene[] between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause[.]'" *Id.* (quoting *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006) (plurality op.)). A new and independent cause destroys any causal connection between the defendant's negligence and the plaintiff's harm, precluding the plaintiff from establishing the defendant's negligence as a proximate cause. *Id.* at 97-98 (citing *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009) (explaining how a new and independent cause "destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question"); *Dew*, 208 S.W.3d at 450 (same)). By contrast, a concurring cause "'concurs with the continuing and co-operating original negligence in working the injury,'" leaving the

9

causal connection between the defendant's negligence and the plaintiff's harm intact. *Id.* at 98 (citing *Gulf, C. & S. F. R. Co. v. Ballew*, 66 S.W.2d 659, 661 (Tex. Comm'n App. 1933, holding approved)). Therefore, the crucial distinction between a superseding cause and a concurring cause is the intervening cause's effect on the chain of causation. *Id.* To determine whether a superseding cause exists, we ask, "'was there an unbroken connection? Would the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?'" *Id.* (quoting *Tex. & P. Ry. Co. v. Bigham*, 38 S.W. 162, 164 (Tex. 1896)).

"In assessing whether an intervening cause disrupted the causal connection between the defendant's negligence and the plaintiff's harm and constitutes a new and independent cause, we consider a variety of factors, including foreseeability." *Id.* If the intervening cause and its probable consequences are a reasonably foreseeable result of the defendant's negligence, the intervening cause "'is a concurring cause as opposed to a superseding or new and independent cause.'" *Id.* (citing *Hawley*, 284 S.W.3d at 857). "But if 'nothing short of prophetic ken could have anticipated the happening of the combination of events' by which the original negligence led to an intervening force that resulted in the plaintiff's injury, the harm is not reasonably foreseeable." *Id.* (quoting *Bigham*, 38 S.W. at 164). "Foreseeability is a highly fact-specific inquiry that must be determined 'in the light of the attending

10

circumstances,' not in the abstract." *Id.* (quoting *Bigham*, 38 S.W. at 164). We also consider whether the original negligence caused the intervening force to occur and operated with the intervening force in creating the harm. *Id.* at 98-99 (citing *Hawley*, 284 S.W.3d at 857; Restatement (Second) of Torts § 442(d) (1965)).

If the original negligence merely created a condition that enabled the injury to occur, the intervening cause may be a superseding, or new and independent cause. *See id* at 99. "An intervening cause can destroy the causal connection between the original negligence and the harm, even if the original negligence is the 'but for' cause of the intervening cause." *Id.* (citing *Bell v. Campbell*, 434 S.W.2d 117, 120-22 (Tex. 1968)). An intervening cause supersedes the original negligence when it "'alters the natural sequence of events,'" causes injuries that would not otherwise have occurred, was not brought into operation by the original wrongful acts of the defendant, and operates entirely independently of the defendant's negligent act or omission. *Id.* (quoting *Hawley*, 284 S.W.3d at 857).

## Analysis

The Johnsons' Second Amended Petition—the live pleading at the time Walker filed his Motion to Dismiss—stated a claim for negligence against Walker for "leaving a loaded gun in his unlocked pickup truck." The petition also claimed that Walker's conduct constituted "negligence and/or negligence *per se*[.]" In their

11

response to Walker's Motion to Dismiss, the Johnsons argued that they had not stated a claim for negligent storage of a firearm.

To state a claim for negligence, a plaintiff must plead (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) the breach was the proximate cause of damage to the plaintiff. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The existence of a legal duty is a question of law for the court to decide based on the particular facts surrounding the incident at issue. *Brown v. Carrell*, No. 09-15-00016-CV, 2016 Tex. App. LEXIS 13782, at \*14 (Tex. App.—Beaumont Dec. 29, 2016, no pet.) (mem. op.).

While the issue of proximate cause is generally a question of fact, some causes in fact do not constitute legal causation as a matter of law. *See Phan Son Van v. Pena*, 990 S.W.2d 751, 755-56 (Tex. 1999). As a general rule, "a person has no legal duty to protect another from the criminal acts of a third person[.]" *Walker*, 924 S.W.2d at 375.

> The act of a third person in committing an intentional tort or crime *is a superseding cause* of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless* the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

*Phan Son Van*, 990 S.W.2d at 753 (emphasis in original) (citing Restatement (Second) of Torts § 448 (1965)); *see also Nixon*, 690 S.W.2d at 550 (explaining that

12

the criminal conduct of a third party is usually a superseding cause relieving the negligent actor from liability unless the criminal conduct is a foreseeable result of the negligence).

In *Richardson v. Crawford*, the Waco Court of Appeals addressed a claim for negligent entrustment and negligent storage of a firearm. *See Richardson v. Crawford*, No. 10-11-00089-CV, 2011 Tex. App. LEXIS 8150, at *7, **9-24 (Tex. App.—Waco, Oct. 12, 2011, pet. denied) (mem. op. on reh'g). The lawsuit arose from the murder of John Kennedy Richardson by his wife Gretchen. *Id.* at *2. Gretchen took a gun from a real estate office where she worked. *Id.* at **2-5. The gun was intended for use by women in the office for protection if they were working late or showing properties to "suspicious people or in bad parts of town." *Id.* at **4-5. Gretchen had been in a "downward spiral[,]" was depressed, and was abusing prescription medicine. *Id.* at *3. She took the gun with the intent to use it for protection during a drug deal. *Id.* at *5. As she was heading home after the drug deal, she realized her husband was driving behind her. *Id.* at *6. Gretchen and John both pulled over, and after an argument, Gretchen shot John with the gun she had taken from the office. *Id.* John died from the gunshot wounds inflicted by Gretchen. *Id.* at *7.

John's surviving heirs sued Gretchen and realtor Michael Crawford and other realtors in the group asserting wrongful death and survival claims under theories of

negligent entrustment and negligent storage of a dangerous instrumentality. *Id.* The trial court granted Crawford's motion for summary judgment. *Id.* at \*8. The Waco Court of Appeals explained that "no Texas court has recognized an independent cause of action for negligent storage of a firearm." *Id.* at \*23. In considering the claim for negligent entrustment, the court concluded that, even assuming Crawford was negligent in leaving the gun at the office for others to use, that the appellant-survivors had not demonstrated that Crawford knew or should have known that Gretchen would use the gun to shoot her husband. *Id.* at \*18. The court upheld the summary judgment because the record conclusively negated proximate cause. *Id.* at \*\*21-23, \*27.

In *Ambrosio*, the Houston Fourteenth Court of Appeals addressed a claim of negligence brought by parents whose son Alek was shot and killed during a carjacking. The shooter used a gun that had been stolen from a gun store. *See Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 263 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The parents alleged that the store had violated its duty to exercise care in the storage and display of its firearms. *Id.* The gun used in the shooting had been stolen by someone other than the shooter. The thief had reached over the counter at the store and grabbed the gun from an unlocked display case. *Id.* at 264.

The trial court granted the defendant-store's motion for summary judgment. *Id.* at 263-64. On appeal, the Fourteenth Court noted that, after the gun was stolen, it changed hands several times before it was used to murder Alek. *Id.* at 266. The court concluded that the store's failure to exercise care in the storage and display of its firearms was too remote and attenuated from the criminal conduct of the carjackers to constitute a legal cause of injury to Alek or his parents. *Id.* The court explained that the store's failure to exercise care in the storage of firearms "did nothing more than create the condition" that enabled someone to steal the gun, and "[t]he forces generated by [the store's] failure to safely maintain its guns had come to rest long before" Alek was shot. *Id.* at 268. Therefore, the summary judgment proof failed to raise a fact issue as to how the store's failure to safely maintain its guns was a substantial factor in bringing about the injury that would not otherwise have occurred. *Id.* at 269.

In this case, the gun was stolen by Anthony and thereafter he took the gun to the Johnson's home and gave the gun to James, who then handed the gun to H.J., who then accidentally shot James with the gun. So, as in *Ambrosio*, the gun was stolen and then changed hands before it was used by someone else to shoot James. We conclude, as the court did in *Ambrosio*, that any failure by Walker to secure his firearm merely created a condition that may have enabled someone to steal the gun and that any failure by Walker to exercise due care in storing the gun inside his truck

was too remote and attenuated from the shooting that caused James's death. *See id.* at 266-69. Further, as in *Richardson*, the Johnsons failed to state a cause of action alleging that Walker knew or should have known that his gun would be stolen and thereafter used in an accidental shooting involving minors, thereby negating proximate cause. *See* 2011 Tex. App. LEXIS 8150, at **18-19. The alleged criminal conduct by Anthony in stealing Walker's firearm is a superseding cause that destroyed the causal connection (if any) between Walker leaving his firearm in his unlocked truck and the accidental shooting. *See Stanfield*, 494 S.W.3d at 97-98 (citing *Hawley*, 284 S.W.3d at 857). Additionally, the Johnsons did not plead facts that establish that Walker should have anticipated the harm that was created by Walker's alleged negligence. Even after taking the Johnsons' undisputed allegations as true, the Johnsons failed to state a viable clam against Walker. *See GoDaddy.com, LLC*, 429 S.W.3d at 762. Therefore, the trial court did not err in granting Walker's motion to dismiss.

We overrule Appellants' issues, and we affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 27, 2023
Opinion Delivered February 23, 2023

Before Horton, Johnson and Wright, JJ.